UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LONER BLUE,

      Plaintiff,

v.

JOAN FABIAN, MN-DOC Commissioner,
JESSICA SYMMES, MCF-OPH Warden,

      Defendants.

Civil No. 10-3394 (DSD/AJB)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, ("MCF-OPH"), commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff is attempting to sue two Defendants: (1) Joan Fabian, the Commissioner of the Minnesota Department of Corrections, and (2) Jessica Symmes, the Warden at MCF-

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

OPH. Plaintiff's "Statement of Claim," repeated verbatim and in its entirety, is as follows:

> "The fact that Plaintiff (Loner Blue), has now been wrongfully detained close to, if not over, a year now via extended incarceration (EI) via discipline violation excessive punishment for not standing during count. And being held (wrongfully detained) by both defendants (Joan Fabian), and (Jessica Symmes). It is a continuous wrongful act from each defendant for every day the plaintiff has now done for most, if not over, a year now."

(Complaint, [Docket No. 1], p. 3, § IV.)

In the "Relief" section of Plaintiff's complaint he requests the following:

> "Award damages to Plaintiff, Loner Blue, at the amount of $900.00 per day from time of wrongfully detaining Plaintiff and thereafter for false/wrongful imprisonment. And/or a jury demand for plaintiff. THANK YOU."

(Id., § V.)

Nothing in Plaintiff's submissions sheds any further light on the factual or legal basis for his present lawsuit.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

2

In this case, Plaintiff has done an extremely poor job of explaining why he is attempting to sue the named Defendants. He has not provided a clear, cogent and complete explanation of the facts giving rise to his claims, and he has made no effort to identify any legal basis for his claims. The Court notes, however, that Plaintiff's brief "Statement of Claim," (quoted at p. 2, supra), includes the oblique phrase "extended incarceration (EI) via discipline violation excessive punishment for not standing during count." Giving this phrase the benefit of liberal construction, it appears that Plaintiff <u>might</u> be attempting to sue the named Defendants for imposing a disciplinary sanction for an alleged prison rule violation, ("not standing during count"), which somehow extended the duration of Plaintiff's imprisonment. The Court further notes that the caption of Plaintiff's complaint includes a reference to 42 U.S.C. § 1983, which suggests that Plaintiff <u>might</u> be attempting to sue Defendants for some alleged violation of his federal constitutional rights.

To state an actionable civil rights claim under 42 U.S.C. § 1983, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)

In this case, Plaintiff has failed to plead an actionable § 1983 claim because his complaint does not describe anything that the named Defendants allegedly did (or failed to do) that allegedly violated his constitutional rights. Plaintiff has not identified any specific acts or omissions by the named Defendants; he merely alleges that they "extended [his] incarceration... via discipline violation excessive punishment." This conclusory allegation, by itself, is not sufficient to state an actionable claim for relief. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the

complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Plaintiff has not met that requirement here.

Furthermore, Plaintiff has not identified any federal constitutional basis for his claims against Defendants. Indeed, the complaint does not even mention the Constitution, or any specific constitutional rights. It is possible, (though by no means certain), that Plaintiff might be claiming Defendants wrongly extended his term of imprisonment (somehow), without affording him the procedural benefits of due process. However, there is nothing in the complaint which suggests that Plaintiff was not provided due process before his term of imprisonment was extended. Therefore, Plaintiff clearly has not pleaded an actionable due process claim. It is also possible, (but again, not at all certain), that Plaintiff might be attempting to bring some type of Eighth Amendment claim against the named Defendants. Once more, however, there are no factual allegations that could support such a claim.

Simply put, Plaintiff has alleged no facts, which if proven true, would show that the named Defendants violated any of his federal constitutional rights. Therefore, Plaintiff has failed to plead an actionable § 1983 claim.

The Court also notes that Plaintiff's current lawsuit is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. 512 U.S. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Habeas corpus is the exclusive federal remedy for a prisoner who is challenging the validity of his conviction or the length of his confinement. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff demands only money damages, he

4

cannot prosecute a civil rights claim that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also, Edwards v. Balisok, 520 U.S. 641 (1997); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

If Plaintiff is claiming that his term of imprisonment has been wrongly extended, that claim would necessarily imply that his imprisonment should be shortened, and his release from prison should be expedited. According to Heck, however, the length of Plaintiff's confinement is a subject that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- presumably a state or federal habeas corpus proceeding -- that his projected release date should be changed. Even though Plaintiff apparently is seeking only money damages, and not an earlier release date, he still cannot presently bring a civil rights claim that would, if vindicated, cast doubt on the validity of his current projected release date. See Sheldon, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"); see also, Edwards, supra.

In short, any civil rights claim that would directly or implicitly challenge the duration of Plaintiff's incarceration would be premature, at best. Plaintiff cannot bring a civil rights claim challenging the legality of any events that caused an extension of his imprisonment, without first demonstrating, in a state or federal habeas corpus action, that his sentence was, in fact, wrongly extended. Because this pre-condition has not been met, Plaintiff cannot seek relief here for any allegedly wrongful extension of his confinement.[2]

---

[2] The Court notes that Plaintiff currently has a habeas corpus case pending in this District, (Blue v. Fabian, Civil No. 10-87 (DSD/AJB)), which appears to be related to his

5

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3] To date, he has not paid any fee at all, so he still owes the full $350 fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

current civil rights case. If Plaintiff is successful in his habeas corpus action, and his extended incarceration is vacated in that case, then perhaps he will have overcome the Heck barrier to his current civil rights action. (However, if Plaintiff's extended incarceration is vacated before he reaches the proper termination date of his imprisonment, it is difficult to imagine how he will have suffered any compensable injury.)

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: August 23, 2010

               s/ Arthur J. Boylan
               ARTHUR J. BOYLAN
               United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 7, 2010.